IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANESSA E. MOORE | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **COMPLAINT FOR** |
| | * | **INJUNCTIVE AND** |
| ACADEMY OF DOVER, INC. | * | **DECLARATORY RELIEF** |
| a domestic corporation, | * | **AND MONETARY DAMAGES** |
| BOARD OF DIRECTORS OF | * | |
| ACADEMY OF DOVER, INC., | * | |
| RUBY L. COPPADGE, | * | |
| individually and in her | * | **TRIAL BY JURY DEMANDED** |
| capacity as President of | * | |
| Academy of Dover, Inc., | * | |
| | * | |
| | * | |
| Defendants. | * | |

### Introduction

Plaintiff, Vanessa E. Moore, by and through her attorneys, Schmittinger & Rodriguez, P.A., hereby files this verified complaint, and in support thereof states the following:

1. This is an action for injunctive and declaratory relief and monetary damages against Defendant Academy of Dover Charter School to prevent Defendant from unlawfully terminating Plaintiff's employment with Defendant based on Plaintiff's "private life," namely, the fact that Plaintiff had chosen to give birth to a child out of wedlock.

**Jurisdiction and Venue**

2. This is a civil action for declaratory and injunctive relief and monetary damages brought to vindicate Plaintiff's federal constitutional rights. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343, as the case arises under the Constitution and laws of the United States.

3. Venue is appropriate in the District of Delaware pursuant to 28 U.S.C. § 1391, because this is a civil action against state actors and the decisions that are the subject of this action were made within the District of Delaware.

**Parties**

4. Plaintiff, Vanessa E. Moore, is an individual and a resident of the State of Delaware, residing at 323 Charring Cross Drive, Dover, Delaware 19904.

5. Defendant Academy of Dover, Inc. ("Academy of Dover") is a political entity and subdivision of the State of Delaware, organized pursuant to Title 14, Chapter 5 of the Delaware Code. Defendant Academy of Dover's offices are located at 104 Saulsbury Road, Dover, Delaware 19904. Defendant's registered agent is also located at 104 Saulsbury Road, Dover, Delaware 19904.

6. Defendant Board of Directors is the governing body of the Academy of Dover, Inc.

7. Defendant Ruby L. Coppadge, at all times pertinent hereto, was the President of the Board of Directors of Defendant Academy of Dover, Inc.

## Background

8.   Plaintiff was hired by Defendant Academy of Dover in October 2003 as the Transportation Supervisor for the school. Plaintiff had been a contractor for bus routes for another school district prior to her employment at Academy of Dover and had previously owned and operated her own bus company. Plaintiff was hired by Defendant Academy of Dover based on this previous experience. Plaintiff was placed in charge of planning and coordinating the bus routes for the Academy of Dover.

9.   Plaintiff's contract with Academy of Dover was renewed each year until July 11, 2006 when Plaintiff was informed by Academy of Dover that her employment would not be continued into the 2006-2007 school year.

10.   As of the date she was informed that her employment with Academy of Dover was terminated, Plaintiff was pregnant and was shortly to give birth to a child.

11.   In May 2006, Ruby L. Coppadge, President of Academy of Dover, attempted to prevent Plaintiff from marching with the school band in a parade/competition. Ms. Coppadge stated that Plaintiff was "too visible." At the time of the competition, Plaintiff was visibly pregnant. Plaintiff offered to change shirts to better match the band's colors, however, Ms. Coppadge informed Plaintiff that she would still be "too visible," referring to Plaintiff's pregnant mid-section.

12.   On the Monday immediately following the band competition, Ms. Coppadge summoned Plaintiff into her office and

accused Plaintiff of being disrespectful by marching in the competition. Ms. Coppadge further accused Plaintiff of jeopardizing the band's chances of winning the competition because of Plaintiff's noticeably pregnant condition.

13. Plaintiff later learned that Defendant Coppadge had told Plaintiff's co-workers that Plaintiff looked "ghetto" and "bow-wow" at the band competition.

14. Prior to the incident at the band competition, Plaintiff had not received any complaints about her performance. In fact, Plaintiff had, at one time, been named "Most Supportive Staff Member."

15. On the morning of July 11, 2006, Plaintiff verbally informed Defendant's administrative assistant, Marianne Longo, that Plaintiff would be starting her maternity leave immediately because she was very near to giving birth.

16. Within approximately one hour of Plaintiff's declaration that she was going to begin her maternity leave, Plaintiff's supervisor, Leonard Litzi, at the direction of Defendant Ruby L. Coppadge, called Plaintiff and informed her that, as of July 30, 2006, she would no longer be employed with Defendant Academy of Dover.

17. When Plaintiff questioned Defendant Ruby L. Coppadge about why Plaintiff's contract was not renewed, Defendant Coppadge informed Plaintiff that her termination was not based on Plaintiff's performance, but was rather based on "issues" with Plaintiff's private life. Defendant Coppadge further told Plaintiff that Plaintiff's "personal life is reflecting negatively

on the Academy."

18. On July 24, 2006, Plaintiff received a letter from Defendant Academy of Dover officially informing Plaintiff that her position as Transportation Supervisor had been eliminated because of restructuring within the school.

19. Plaintiff later learned that Jethro Williams, formerly a part-time employee at the school, had been hired full-time and had assumed Plaintiff's job duties as Transportation Supervisor. In fact, a new "assistant principal" position had been created for Mr. Williams. Mr. Williams was less qualified than Plaintiff and had little or no prior experience as a transportation coordinator, in contrast to Plaintiff's extensive experience.

20. Plaintiff was informed by Defendant Academy of Dover that the Board of Directors had held a special meeting on July 10, 2006 and had, at that meeting, decided to eliminate Plaintiff's position. No notice of the board meeting was given as required by Defendant Academy of Dover's by-laws. Upon information and belief neither was a quorum of the Board present at such purported board meeting on July 10, 2006 as required by Defendant Academy of Dover's by-laws, thereby rendering any such meeting void. When Plaintiff questioned Defendant Ruby Coppadge to obtain the names of the Board Members present at such meeting, Ms. Coppadge told Plaintiff that the Board did not need to have a quorum to make a decision and that Plaintiff did not need to know who was at the meeting.

21. At no time prior to her termination had Plaintiff received any notice that she could be terminated for bearing a

child out of wedlock. Defendant Academy of Dover has no written policy barring unwed mothers from holding a position at the school in either its Employee Handbook or By-laws.

22. At the end of June 2006 Plaintiff applied for the position of cafeteria manager for Academy of Dover at the recommendation of her supervisor, Leonard Litzi. Plaintiff was denied the position. Plaintiff believes the decision to deny her the cafeteria manager position was also based on the fact that she was pregnant--a fact known to the Board of Directors of the Academy of Dover.

23. Defendant Academy of Dover has agreed to extend Plaintiff's pay and benefits through the end of August 2006.

**IRREPARABLE INJURY**

24. As demonstrated by the foregoing facts, Plaintiff faces the threat of extraordinary harm if Defendants are permitted to terminate Plaintiff's employment with the school and replace her by creating a new "assistant principal" position to assume her job duties.

25. If Defendants eliminate Plaintiff's job, she will lose a substantial income of more than $22,000 over the next year. This loss of income will inevitably cause Plaintiff and her children to suffer severe economic hardship and may force Plaintiff to file for bankruptcy protection.

**COUNT I**

26. Plaintiff restates and hereby incorporates by reference

paragraphs 1 through 25 hereinabove.

27. By the foregoing actions, Defendants, acting under color of state law, have deprived Plaintiff of the rights afforded her under the United States Constitution and federal law, in violation of 42 U.S.C. §1983. These rights include, but are not limited to, Plaintiff's rights to equal protection and due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

28. Defendants' decision to terminate Plaintiff was arbitrary and Defendant had no basis in fact for refusing to rehire Plaintiff for the 2006-2007 school year.

29. Plaintiff had a recognized and protectable property interest in her continued employment with Academy of Dover.

30. By terminating Plaintiff admittedly without any basis in fact, Defendant violated Plaintiff's right to due process.

31. By terminating Plaintiff's position without any notice to Plaintiff, Defendants further violated Plaintiff's right to due process.

32. By terminating Plaintiff based on her decision to exercise her rights to take medical leave, as stated above, Defendants further denied Plaintiff equal protection of the law. Men at Plaintiff's work were routinely granted medical leave whereas Plaintiff, a woman, was terminated for her attempt to exercise her right to such leave.

33. By terminating Plaintiff based on her decision to exercise her rights to take medical leave, as stated above, Defendants further denied Plaintiff equal protection of the law.

Pregnant women at Plaintiff's work who were married were routinely granted medical leaves of absence whereas Plaintiff, an unmarried woman, was terminated for her exercise of such leave.

34. Such violations of law happened in the context of a continuing, widespread, and persistent pattern of constitutional misconduct by the employees and agents of said Defendants.

35. The wrongful acts committed by Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith, and Defendants had no reasonable grounds for believing that their wrongful acts were not in violation of Plaintiff's civil rights.

## COUNT II

36. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 35 hereinabove.

37. By refusing to renew her contract, Defendants unjustifiably interfered with Plaintiff's right to personal privacy.

38. Defendants' refusal to renew Plaintiff's contract based on "issues" in Plaintiff's private life, infringed on Plaintiff's constitutionally protected right to personal privacy.

39. Defendants' refusal to renew Plaintiff's contract further violated Plaintiff's private right to decide whether or not to marry.

40. The wrongful acts committed by Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith, and Defendants had no reasonable grounds for believing that their wrongful acts were not in violation of Plaintiff's civil rights.

## COUNT III

41. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 40 hereinabove.

42. Defendants subjected Plaintiff to harassment and wrongfully discharged Plaintiff in retaliation for Plaintiff's exercise of, and attempts to exercise, her rights under the Family Medical Leave Act, 29 U.S.C. § 2617(a)(1)("the Act").

43. Defendants have wrongfully interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise her rights under the Act.

44. Defendants have discriminated against and discharged Plaintiff for her exercise of and attempt to exercise her rights under the Act.

45. The wrongful acts committed by Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith, and Defendants had no reasonable grounds for believing that their wrongful acts were not in violation of the Act.

46. As a direct result of the wrongful and discriminatory conduct of Defendants, Plaintiff has suffered lost wages and other damages.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that Academy of Dover has violated Plaintiff's Civil Rights;

2. Permanently enjoin Academy of Dover from terminating Plaintiff's position;

3. Order Academy of Dover to reinstate Plaintiff's position as soon as possible;

4. Award Plaintiff back pay, including interest;

5. Award Plaintiff compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

6. Award Plaintiff punitive damages;

7. Award Plaintiff pre-judgment and post-judgment interest;

8. Award Plaintiff the costs of litigation, including reasonable attorney's fees and other disbursements; and

9. Grant such additional relief as justice may require.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher
WILLIAM D. FLETCHER, JR.
Bar I.D. #362

BY: /s/ Noel E. Primos
NOEL E. PRIMOS
Bar I.D. #3124

BY: /s/ Adam C. Gerber
ADAM C. GERBER
Bar. I.D. # 4653
414 S. State Street
P.O. Box 497
Dover, DE 19901
(302) 674-0140
Attorneys for Plaintiff

DATED: 8-31-06

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Vanessa E. Moore

**DEFENDANTS**
Academy of Dover, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Plaintiff: Kent
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Schmittinger & Rodriguez, P.A.
414 S. State Street, P.O. Box 497
Dover, DE 19903-0497
(302) 674-0140

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place and "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. W/Disabilities-Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access To Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family Medical Leave Act, 29 U.S.C. § 2617 (a) (1), 42 U.S.C. §1983

Brief description of cause:
Injunctive and Declaratory Relief and Monetary Damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASES(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8-31-06
SIGNATURE OF ATTORNEY OF RECORD
William W. Fletcher

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___