IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANESSA E. MOORE | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ACADEMY OF DOVER, INC. | * | |
| a domestic corporation, | * | |
| BOARD OF DIRECTORS OF | * | |
| ACADEMY OF DOVER, INC., | * | |
| RUBY L. COPPADGE, | * | |
| individually and in her | * | **TRIAL BY JURY DEMANDED** |
| capacity as President of | * | |
| Academy of Dover, Inc., | * | |
| | * | |
| | * | |
| Defendants. | * | |

### *MOTION FOR PRELIMINARY/PERMANENT INJUNCTION*

Plaintiff, Vanessa E. Moore, hereby moves for a Preliminary and/or Permanent Injunction in the form attached hereto, enjoining the Defendant, Academy of Dover, Inc., from terminating her employment on September 1, 2006. The grounds for this Motion are set forth in the Verified Complaint, incorporated herein by reference, and as follows:

1. As stated in Plaintiff's Verified Complaint, Plaintiff was employed by Defendant Academy of Dover, Inc., in October 2003.

2. On July 11, 2006, as set forth in Plaintiff's Verified Complaint, Defendant Academy of Dover, Inc. notified Plaintiff it

was going to terminate her employment.  This termination was based on Plaintiff's decision to bear a child out of wedlock.

3.   Defendants have extended Plaintiff's pay and benefits through the end of August 2006.

4.   In the Verified Complaint, Plaintiff seeks both a preliminary and permanent injunction to preserve the status quo by enjoining Defendants from terminating her employment based on the fact that she decided to bear a child out of wedlock.

5.   Plaintiff respectfully requests that a Preliminary Injunction and Permanent Injunction be issued, as 1) Plaintiff has a high likelihood that she will prevail on the merits of her claim, 2) Plaintiff faces an imminent threat of irreparable injury if she is terminated from her job, 3) the hardship Defendants may suffer if required to retain Plaintiff, who is qualified and experienced to hold this job, is minimal when compared to the hardship Plaintiff will suffer if she loses her job and her accompanying salary and benefits, and 4) the public interest in protecting the private decisions of its citizens weighs heavily in Plaintiff's favor.   See Lewis v. Delaware State College, 455 F.Supp. 239, 246 (D. Del. 1978).

6.   Plaintiff believes, in good faith, that she will prevail on the merits and establish that Defendants' stated reason for terminating her employment was constitutionally impermissible. Plaintiff believes she has a strong possibility of success on the merits of her case, given that she was told she was terminated based on "issues" in her private life and that her "personal life

2

is reflecting negatively on the Academy." These statements could only have been referring to Plaintiff's pregnancy out of wedlock. Plaintiff had a constitutionally-protected right to choose to bear an illegitimate child. See Lewis, 455 F.Supp. at 248 (citing Carey v. Population Services International, 431 U.S. 678, 684-85 (1977)). The fact of unwed parenthood is not a legitimate basis for the termination of a school employee, particularly one who, as Plaintiff, has no direct role in counseling the students of the school. See Lewis, 455 F.Supp. at 248 (holding that "on the present record the defendants violated the plaintiff's right to substantive due process by arbitrarily excluding her from her job as Director" based on her decision to bear an illegitimate child). See also Andrews v. Drew Municipal Separate School District, 507 F.2d 611, 615 (5th Cir. 1975). As such, Plaintiff is entitled to an injunction. See Lewis, 455 F. Supp. at 248.

7. Furthermore, Plaintiff will suffer irreparable harm unless she is granted injunctive relief because (1) she has been deprived of her constitutional rights to due process and 2) she may be forced to file bankruptcy as a result of losing her income of more than $22,000 for the next year as well as her medical benefits. Plaintiff received no notice that she could be terminated for deciding to bear a child out of wedlock. Furthermore, the Board of Directors meeting purportedly held on July 10, 2006, in which a decision was allegedly made to terminate Plaintiff, was held without notice to the public as required by Defendant Academy of Dover's own by-laws. Furthermore, upon

3

information and belief, a quorum of directors was not present at this meeting (also as required by Defendant Academy of Dover's own by-laws), thereby making such meeting void. By terminating Plaintiff based on her decision to bear a child out of wedlock, Defendant impermissibly intruded into Plaintiff's private decisions. Such an intrusion is unquestionably a violation of her constitutional rights. Plaintiff's loss of her constitutional rights constitutes irreparable injury and no further showing of irreparable harm is required. See Lewis, supra, at 251.

8. Plaintiff also believes, in good faith, that the potential harm that Plaintiff will suffer if the Court refuses to enjoin Defendants outweighs the potential harm to Defendants' interest. Defendant will not suffer harm if it is prevented from removing Plaintiff from a job that she is highly qualified for and capable of performing, given her significant past experience, as detailed in her Complaint. In fact, Defendant has specifically stated that Plaintiff's work performance was not the cause of her termination. Moreover, Defendant Academy of Dover essentially created a new position titled "assistant principal" to take the place of the transportation supervisor but with essentially the same duties. As stated in Plaintiff's Complaint, this new position was given to Jethro Williams. Plaintiff, on the other hand, would suffer severe economic hardship if she is deprived of her yearly salary of more than $22,000 in addition to the medical benefits provided to her by Defendant Academy of Dover. Having very recently given birth to a child, and with no salary or

4

benefits to support her child, Plaintiff may be forced to file for bankruptcy.

9.    Furthermore, it is in the public's interest to protect the constitutional rights of the individual to make private decisions.  To permit a state actor to discharge an employee with no notice and based on her individual, private choice to bear a child outside of wedlock would seem to be against the public's interest.  The public interest in this case, therefore, weighs heavily in favor of Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order enjoining Defendants from terminating her employment.

SCHMITTINGER & RODRIGUEZ, P.A.

BY:_____
     WILLIAM D. FLETCHER, JR.
     Bar I.D. #362

BY:_____
     NOEL E. PRIMOS
     Bar I.D. #3124

BY:_____
     ADAM C. GERBER
     Bar I.D. #4653
     414 S. State Street
     P.O. Box 497
     Dover, DE  19901
     (302) 674-0140
     Attorneys for Plaintiff

DATED: 8-31-06

## CERTIFICATE OF SERVICE

I hereby certify that I have caused copies of the following:

### MOTION FOR PRELIMINARY/PERMANENT INJUNCTION

to be served upon:

    Academy of Dover, Inc.
    c/o Ruby L. Coppadge
    104 Saulsbury Road
    Dover, DE 19904

via electronic service and by mailing, postage prepaid, to the
address shown above, on ___August 31, 2006___.

                    SCHMITTINGER & RODRIGUEZ, P.A.

                    BY: _____
                        WILLIAM D. FLETCHER, JR.
                        Bar I.D. #362
                        NOEL E. PRIMOS, ESQUIRE
                        Bar I.D. #3124
                        414 S. State Street
                        P.O. Box 497
                        Dover, DE   19901
                        (302) 674-0140
                        Attorneys for Plaintiff

DATED:  8/31/06

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANESSA E. MOORE | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ACADEMY OF DOVER, INC. | * | |
| a domestic corporation, | * | |
| BOARD OF DIRECTORS OF | * | |
| ACADEMY OF DOVER, INC., | * | |
| RUBY L. COPPADGE, | * | |
| individually and in her | * | **TRIAL BY JURY DEMANDED** |
| capacity as President of | * | |
| Academy of Dover, Inc., | * | |
| | * | |
| | * | |
| Defendants. | * | |

### *NOTICE OF MOTION*

TO:   Academy of Dover, Inc.
      c/o Ruby L. Coppadge
      104 Saulsbury Road
      Dover, DE 19904

PLEASE TAKE NOTICE that Vanessa E. Moore, through her undersigned attorneys, will present the attached Motion for Preliminary Injunction to the Court at its earliest convenience.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
    WILLIAM D. FLETCHER, JR.
    Bar I.D. #362
    414 S. State Street
    P.O. Box 497
    Dover, DE  19901
    (302) 674-0140
    Attorneys for Plaintiff

DATED: 8/31/06